Thomas Rayfield *et al.*

*v.*

The People *ex rel.* James N. McElvain.

*Filed at Springfield, January* 18, 1893.

1. Schools — *forming new districts — territory in different townships.* Under section 51 of article 3 of the revised School law of 1889 the several boards of trustees of different townships, in forming a new district by detaching territory from two or more districts in different townships, must act in conformity with that section. The different boards must act concurrently upon the petition and not jointly.

2. Same — *trustees of schools — joint meetings.* There is no authority of law given to call or organize joint meetings of the trustees of schools of several townships, or for the transaction of business by such a body.

3. Quo warranto — *against acting school directors — sufficiency of plea.* A plea to an information in the nature of *quo warranto* against persons assuming to act as school directors of an alleged school district in two or more townships, that at the regular meeting in April,'1890, of each of the boards of trustees of each of said townships, a petition for the formation of the new district was presented to said respective boards, and that they, upon due consideration, granted the prayer of the petition, is not sufficient. It is but a statement of a conclusion, and sets forth no facts from which it can be seen what was done by the several boards.

Writ of Error to the Circuit Court of Jersey county ; the Hon. George W. Herdman Judge, presiding.

This was a proceeding in the court below, by information in the nature of *quo warranto*, to oust plaintiffs in error from the office of school directors of district No. 9, etc. The charge in the information is that said district was never legally organized, setting up certain alleged irregularities in the proceeding under which the attempted organization was made. Respondents filed a plea to the information, in which they attempted to set up the legal formation of said district, and their subsequent election as directors thereof. A demurrer to the plea was sustained by the Circuit Court, and respondents failing to make further

answer to the information, judgment of ouster, and a nominal fine, with costs of the proceeding, were entered against them. To that judgment they excepted and sued out this writ of error.

The further facts necessary to the decision of the case will be stated in the opinion.

Mr. J. S. CARR, for the plaintiffs in error.

Mr. THOMAS F. FERNS and Messrs. HAMILTON & LEACH, for the defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

The only controverted question in this case is, does the plea of respondents, on its face, show that said district was legally formed? Its averments as to that fact are, that " on the 13th of March, 1890, respondents, with others, caused a petition to be filed with the clerk and treasurer of " townships eight and nine, in range twelve, and township nine, in range thirteen, as follows:

"To the Trustees of township No. eight, range No. twelve, 9–12 and 9–13 : We the undersigned being two-thirds of the legal voters in the territory herein described, petition the Trustees of Schools of township eight, range twelve, nine — twelve and nine — thirteen, west of the third principal meridian, in the State of Illinois, to make a new school district of the following territory, viz. : The west one-half of section No. five and all of section No. six, in township No. eight, north of range No. twelve, west of the third principal meridian, and all of sections thirty, thirty-one and thirty-two, except the northeast quarter of the northeast quarter of section No. thirty-two, lying south and east of Macoupin creek, in township No. nine, range twelve, and all that portion of sections twenty-five and thirty-six in township No. nine north, range No. thirteen, west of the third principal meridian, lying east of the Macoupin creek ; and we declare that said proposed district, will not contain less than

ten families residing in the same, and that no district from which territory will be taken, will be left with less than ten families residing therein.

Dated at Kane, Illinois, this tenth day of March, 1890."

Signed by seventeen petitioners.

It is then averred that a copy of said petition, with a notice, etc., was delivered to the clerks of the boards of directors, of the several districts in said townships, more than ten days before the regular meeting of the several boards of trustees of said townships in the month of April, 1890, the boundaries of which would be changed by the prayer of the petition if granted, to-wit : (naming the districts), notifying said boards of directors that the petition would be filed. Then follows the averment :

"And these defendants aver that at the regular meeting in April, 1890, of each of said boards of trustees of each of said townships, said petition was presented to said respective boards, and that upon consideration by said boards of trustees the prayer of said petition was granted. And the defendants aver that said several boards of trustees for the purpose of jointly considering said petition, agreed that there should be a joint meeting of all of said trustees, at a point within the territory of said township, to-wit: At George Willer's lime kiln, on Wednesday the 30th day of April, 1890."

It is then averred that there was a joint meeting of the boards of said trustees of said several townships, at said lime kiln, which, from time to time, adjourned to meet again, and finally an adjournment to meet at the Douglas school-house, and after an adjourned meeting there, on the 6th day of June, 1890, said several boards of trustees "met in joint or concurrent session to consider and take action upon said petition, etc." It then sets out the action of said joint meeting, granting said petition and forming said district.

It will thus be seen that the attempt to organize said district No. 9 was under the provisions of section 51 of the revised School law of 1889. S. & C., vol. 3, p. 1160, par. 80.

Assuming that the plea shows a compliance with all the preliminary requirements of the statute to authorize the making of the order creating the new district, it is fatally defective, in that it not only fails to show that said several boards of township trustees acted in conformity with the power conferred upon them by said section 51, but shows affirmatively that they did not so act.

According to the allegations of the plea, by the manner in which they proceeded the said trustees construed the language of section 51, " by the concurrent action of the several boards of trustees," to mean by the joint action of said boards. Clearly that is not the meaning of the words in their common acceptation, and the provisions of that and the following sections show it was not so intended by the legislature. This can be made no clearer than by reading the statute itself. Besides this, there is no authority given to call or organize a joint meeting of trustees of several townships, or for the transaction of business by such a body. It is, we think, too clear for argument, that all the plea says was done at the joint meeting of said several boards on the 6th of June was void and of no more effect than if it had never occurred.

But counsel for plaintiff in error contends that the plea shows a concurrent action by said boards.

This contention is based upon the allegation " that at the regular meeting in April, 1890, of each of said boards of trustees of each of said townships, said petition was presented to said respective boards, and that upon consideration by said boards of trustees the prayer of said petition was granted."

A moment's reflection will show that the position is untenable. That allegation in the plea is mere inducement to that which follows it. It is but a statement of a conclusion, and sets forth no facts from which it can be seen what was done by the

several boards. No one will seriously contend that the plea would have been good, as showing the legal organization of the district, if it had ended with the foregoing averment.

As before said, we think the plea shows affirmatively that the district of which plaintiffs in error claim to be directors was not legally formed, and, therefore, there could be no such office as school directors of said district.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*