TOWNSHIP OF HARRISON *v.* BOARD OF SUPERVISORS OF SCHOOLCRAFT COUNTY.

Statutes — Special and General — Boards of Supervisors — Township Boundaries.

> Where, by special act of the legislature, territory is detached from one township and attached to another, such townships are thereby excluded from the operation of the general statute ( 1 How. Stat. § 486 ) authorizing the board of supervisors to alter township boundaries, and action afterwards taken by the board thereunder, with reference to such townships, is invalid.

Error to Schoolcraft; Steere, J. Submitted April 6, 1898. Decided May 24, 1898.

*Certiorari* by the township of Harrison, by Burton A. Craver, supervisor, to review the proceedings of the board of supervisors of Schoolcraft county in detaching territory from the township of Harrison and attaching it to the township of Inwood. The circuit court dismissed the writ, and plaintiff brings error. Reversed.

*C. W. Dunton* and *E. C. Chapin*, for appellant.

*Peters & Brown* and *George E. Pardee*, for appellee.

HOOKER, J. The boundaries of the townships of Inwood and Harrison, in the county of Schoolcraft, were fixed by the legislature by an act which took effect March 18, 1893, the only purpose of which was to detach certain territory from the township of Inwood, and attach the same to the township of Harrison. On November 8, 1897, a petition, signed by the requisite number of freeholders of the two townships as then constituted, was presented to the board of supervisors of the county, praying that certain territory be detached from the township of Harrison, and attached to the township of Inwood. Notice,

proof of posting, publication, and the residence of the petitioners were shown. On December 15, 1897, the prayer of the petitioners was granted at a special meeting of the board. On December 21, 1897, the supervisor of the township of Harrison removed the proceedings to the circuit court by *certiorari*, where the writ was dismissed upon the hearing, and it has come to this court by writ of error.

1 How. Stat. § 486, provides that "the board of supervisors * * * shall have power * * * to divide or alter in its bounds any township, or erect a new township," and points out the steps necessary for the accomplishment of such purpose; and this section was in force, substantially in its present form, prior to the compilation of 1857. This section was in force in 1893, when Act No. 291, already mentioned, was enacted by the legislature. Two years later section 486 was amended. See Pub. Acts 1895, Act No. 254. But this amendment related only to the matter of indebtedness, and cannot affect the question before us. Were it a new act, giving new powers to the supervisors, the presumption would be that the legislature did not intend to include the territory affected by the previous special legislation, unless there could be found in the general legislation evidence of such intention. See End. Interp. Stat. § 223; *Regents of University* v. *Auditor General*, 109 Mich. 134. See, also, a discussion of this question, and authorities collected, in *City of Lansing* v. *Board of State Auditors*, 111 Mich. 327 334.

It would seem manifest that if a special act is to be considered so clearly expressive of a legislative intent to deal with a particular locality as to exclude such locality from the operation of a general statute of later date, when an opposite intention is not clearly apparent from the latter, a special act should have effect over subsequent action by an inferior power, exercising only delegated authority under a prior law. If this is a correct rule of construction, the special act would stand, as applied to these town-

ships, as against a general act of the legislature itself, providing for a change of boundaries by a board of supervisors; and, if so, there would be little justification for saying that it would not as against action by the supervisors acting under an earlier one. The legislature has formally and solemnly decided upon the boundaries of these particular townships, notwithstanding the existence at the time of a law permitting the board of supervisors to deal with the matter. Shall we assume that the legislature went out of the usual course to fix the boundaries of these townships, with the expectation that its work would be undone in the immediate future by a local board of its own creation, which might have been called upon to act, instead of the legislature, in the first instance? Should we not rather conclude that for some purpose it was deemed expedient to place the boundaries of these townships beyond change until the legislature should itself see fit to make a change? Action of this kind was taken in relation to the highway law (see *Woodmere Cemetery* v. *Roulo*, 104 Mich. 595), from which it appears that the legislature sometimes intervenes for the protection of particular localities; and, when it does, it should not be lightly inferred that such interference has no purpose, or that it is merely temporary. In the present case it is urged that the legislature intended to fix these boundaries, but subject to subsequent local control. If this is so, the boundaries of the townships might have been changed by the supervisors within four weeks of the time when the special act took effect as lawfully as though they had waited four years. It is not reasonable to suppose that such was the intention, and, as said by Mr. Justice GRAVES in *School District No. 13* v. *Dean*, 17 Mich. 231:

"The district [here township] in question was created by direct legislation; and a continuing, independent power to dissolve it, vested in another body, would be anomalous. It would suppose two powers in operation at the same time, one of which would have the right to create, and the other, at the same instant, the right to destroy, while

one of these conflicting authorities could only exist by the sufferance of the other."

It may be admitted that the present case is distinguishable from that upon the facts; but in neither does it appear that the legislature intended to subject the township or school district created by itself to the jurisdiction of the board of supervisors or school inspectors. The presumption is that it did not.

The order of the circuit court is reversed.

The other Justices concurred.