DECIDED IN

# THE SUPREME COURT

OF THE

## STATE OF WASHINGTON

[No. 4395. Decided January 16, 1903.]

JOHN PETH et al., Appellants, v. B. L. MARTIN et al., Respondents.

SCHOOL DISTRICTS — PETITION FOR UNION — TIMELINESS OF ACTION ON.

Where a petition for the union of two school districts was not acted upon by the board of directors of one of the districts until more than a year after its presentation to them, and in the meantime the board had submitted to vote another petition for a union of districts, including the two in the original petition with others, which was submitted to a vote of the district and rejected, the board would be without power to submit the original petition, since it must be deemed as waived by failure to act upon it within a reasonable time, and by the act of submitting a later petition to popular vote.

SAME — NOTICE OF ELECTION — SUFFICIENCY.

A notice of election to determine the question of a union of school districts, which fixes the opening of the polls at 4 o'clock, p. m., and fails to designate the hour of closing, is illegal, under the mandatory provisions of Bal. Code, § 2420, which provides that such notices shall designate the "hours between which the polls are to be kept open," and that, "unless otherwise designated in the notice of election, the polls shall be open at 1 o'clock in the afternoon, and close at 4 o'clock in the afternoon; but the board of directors may determine on an hour before 1 o'clock, but not earlier than 9 o'clock in the forenoon, for opening the

polls, and for closing an hour after 4 o'clock, but not later than 8 o'clock in the afternoon."

Appeal from Superior Court, Skagit County.—Hon. George A. Joiner, Judge. Reversed.

*J. L. Corrigan,* for appellants.

*M. P. Hurd,* for respondents.

The opinion of the court was delivered by

Mount, J.—This is an action to restrain the organization of a union or graded school for school districts Nos. 4 and 15 in Skagit county. It was alleged in the complaint that the petition for the union of these districts, which was acted upon by the board of directors of district No. 4, was not sufficient, and also that no notice, as required by law, was given of the election, and for other reasons. It will be unnecessary to notice the other reasons, or the assignments of error based thereon. On a trial in the lower court judgment was rendered dismissing the cause, and this appeal is prosecuted from that judgment.

It is conceded that the petition circulated in one of the districts asking that the question of a union be submitted to the electors, was signed and presented to the board of directors of the district more than a year prior to any action being taken thereon, and that between the time the petition was presented to the board and the time the order was made for an election to be held thereon another petition was presented, asking for the union of these two districts with two other contiguous districts; that this last named petition was acted upon by the board, and the question of uniting these four districts was submitted to an election, and the election was unfavorable. Subsequently the first petition was acted upon by the

board without another petition therefor. The statute in force at the time (§ 2280, Bal. Code) was as follows:

"Whenever the residents of two or more school districts may wish to unite for the purpose of establishing a union or graded school, the clerks of said districts, by order of the boards of directors, shall, upon a written or printed petition of five or more heads of families of their respective districts, call a meeting of the voters of such districts at some convenient place, by posting written or printed notices in like manner as is provided for calling annual school district elections. . . ."

Clearly the authority of the directors to order such an election depends upon the written petition therefor. *Dartmouth Savings Bank v. School Districts,* 6 Dak. 332 (43 N. W. 822); *Fractional School District v. Metcalf,* 93 Mich. 497 (53 N. W. 627); *Rayfield v. People ex. rel. McElvain,* 144 Ill. 332 (33 N. E. 188).

No time is fixed by the statute when the board shall act on such petition. The board must, therefore, act upon it within a reasonable time. Where there is no showing which would excuse the delay, a year or more is certainly not within a reasonable time. The only showing attempted in this case was that another petition was presented in the meantime to unite two other districts with the two in question, and for a union school comprising four districts instead of two. This petition was accepted and acted upon by the board, and submitted to the electors. If the election upon this proposed union had been successful, it certainly could not be claimed that the original petition had not been abandoned. The order of the board of directors upon the last petition, including all four of the districts in one, would, in that event, certainly be held to amount to a rejection of the first petition, or an abandonment thereof. The result of the election could not change this effect. The fact that the election was opposed to the

union of the four districts could not revive the petition which had been waived or rejected. We think that the subsequent petition and order for election did not excuse the delay, but constituted an additional reason why the first petition must be held to have been abandoned, and of no further effect. Before the board of directors could legally call an election for the union of districts 4 and 15, as originally proposed, another petition to that effect was necessary.

We are also of the opinion that the notice of the election was not sufficient. The statute prescribing the notice is in § 2420, Bal. Code, and is as follows:

"The district clerk must give at least ten days' notice of such school election, by posting or by causing to be posted written or printed notices thereof in at least three public places in the district, one of which must be the place of holding the election. Said notice must designate the place of holding the election, day of holding the election, hours between which the polls are to be kept open, names of offices for which persons are to be elected, and terms of office, with a statement of any other questions which the board of directors may desire to submit to the electors of said district. Notices must be signed by the district clerk, 'By order of the board of directors.' Unless otherwise designated in the notice of election, the polls shall be open at one o'clock in the afternoon and close at four o'clock in the afternoon; but the board of directors may, previous to giving notice of election, determine on an hour before one o'clock, but not earlier than nine o'clock in the forenoon, for opening the polls, and for closing an hour after four o'clock, but not later than eight o'clock in the afternoon. In no case shall the polls be open before the hour named in the notice, nor kept open after the hour fixed for closing the polls, but if there is not a sufficient number of electors present at the hour named for opening the polls to constitute a board of election, it shall be lawful to open the polls as soon thereafter as a sufficient number of electors is present: Provided, That in

cities and incorporated towns the polls shall open not later than one o'clock in the afternoon and close not earlier than eight o'clock in the afternoon."

The notice posted was as follows:

"Notice of Special School District Meeting.

"Notice is hereby given that a special meeting of the legal school electors of School District No. 15, of Skagit County, Washington, will be held at the school house in said district on the 3d day of August, 1901, beginning at the hour of 4 o'clock p. m. of said day, for the purpose of determining or voting upon the question of forming a union high school with La Conner (Dist. No. 4).

"Vote union high school—Yes.

"Vote union high school—No.

"By order of the Board of Directors.

"Dated this 23d day of July, 1901.

"Richard H. Peth,

"School District Clerk."

The provisions of the statute above quoted are mandatory, to the effect that notices must be posted, that they must designate the place and day of the election and the hours between which the polls must be kept open, and must state the question which the board of directors may desire to submit to the electors of the district. *Fractional School Dist. v. Metcalf, supra;* 21 Am. & Eng. Enc. Law, p. 794 *et seq.* The board of directors may, in their discretion, increase the time of keeping the polls open either before one or after four o'clock p. m., but the polls must be kept open in any event from one o'clock to four o'clock p. m., and this time cannot be infringed upon by any order of the board of directors. The notice in this case is in direct violation of the statute, because it provides that the polls shall not be open until four o'clock p. m., and no notice is given of the closing time. For these reasons we think the election was unauthorized.

The cause is therefore reversed, with directions to the

lower court to enter judgment in accordance with the prayer of the complaint.

FULLERTON, C. J., and DUNBAR and ANDERS, JJ., concur.