CITY OF BENTON HARBOR *v.* CUTLER.

MUNICIPAL CORPORATIONS — BOUNDARIES — REPEAL BY IMPLICATION.

   The rule that a local board of supervisors may not change the boundaries of a municipality under Act No. 215, Pub. Acts 1895, 1 Comp. Laws, § 2974, where the legislature has intervened by special act and made such change, subsequent to the enactment of the general law, is not applicable to the change in the boundary of the city of Benton Harbor under the general law, in view of subsequent special acts of the legislature expressly providing that the general law should govern that municipality.

Error to Berrien; Coolidge, J.   Submitted November 10, 1909.   (Docket No. 180.)   Decided December 30, 1909.

Fred J. Cutler was convicted of violating a city ordinance.   Affirmed.

*Cady & Andrews,* for appellant.

*Frank L. Hammond (Humphrey S. Gray,* of counsel), for appellee.

OSTRANDER, J.   Defendant was convicted of violating an ordinance of the city of Benton Harbor.   His defense was, and is, that the ordinance has no force in the territory in which its violation is alleged to have occurred because the territory is outside the boundaries of the city. The city was incorporated, as of the fourth class, under provisions of Act No. 215, Pub. Acts 1895 (1 Comp. Laws, §§ 2956–3371).   By Act No. 472, Local Acts 1903, entitled: "An act to reincorporate the city of Benton Harbor, Berrien county, Michigan," the boundaries of the city are established, ward boundaries are fixed, and various powers are conferred and limited.   Again, in 1905 (Act No. 661, Local Acts 1905) amendments were made by adding certain sections to the act of 1903.   It is set out in the statement of agreed facts and in the briefs that the act last mentioned changed the boundaries of the city. Reference to the act as printed in the official volume of local acts for the session of 1905 does not support this statement.   The territory in question was not, by the legislation referred to, brought within the boundaries of the city.   In April, 1909, by proceedings admitted to have been regular, in accordance with the provisions of 1 Comp. Laws, § 2974, the board of supervisors of Berrien county detached certain territory, including that in question here, from the township of Benton and annexed it to

the city of Benton Harbor. Section 11 of the local act of 1903 reads as follows:

"Except as herein provided the said city of Benton Harbor shall be subject to the provisions of act number two hundred and fifteen of the public acts of the State of Michigan for the year one thousand eight hundred and ninety-five, entitled," etc.

The local act of 1905 contains (section 22) a like provision.

The question presented, the only one stated in the submission of the case below, is whether the board of supervisors had power to alter the boundaries of the city established by the legislature. The right of local authorities, acting under provisions of general laws, to change boundaries fixed by special acts of the legislature, was denied in *School District No. Thirteen* v. *Dean*, 17 Mich. 223, and in *Township of Harrison* v. *Board of Sup'rs of Schoolcraft Co.*, 117 Mich. 215 (75 N. W. 456); in one case school district, and in the other township, boundaries being involved. The reasoning indulged by the court in the opinions filed in those cases need not be repeated here. There is this distinction between those cases and the case at bar: The legislature in this case has, in effect, provided, and that expressly, that the measure of the powers of the particular municipality shall be found in the special acts which have been referred to and in the general law. The special act establishes boundaries with no provision for their change. The general law provides a method for changing boundaries. It is as though the legislature had in the first instance established the boundaries of the city and enacted, as the charter of the city, all provisions of the special acts and all applicable provisions of the general law. In such a case it would not be supposed that, having expressly provided a method for changing boundaries by the action of local officers, such a method could not be pursued because the legislature had itself established boundaries. I find in the legislation itself a clearly expressed intention not to deny the right to proceed under the gen-

eral law to change the boundaries of the city. It follows that the boundaries were lawfully changed, and the ordinance of the city was in force in the added territory.

The conviction is affirmed. No costs are awarded.

MONTGOMERY, HOOKER, MOORE, and McALVAY, JJ., concurred.