BAILEY *v.* BOARD OF SUPERVISORS OF WAYNE COUNTY.

1. MUNICIPAL CORPORATIONS — TOWNSHIPS—SEPARATION INTO TWO PORTIONS—PETITION.

In dividing one township into two, a petition is required to be signed by twelve freeholders of the township which is affected, but it is not essential that the petition to form such new township should be signed by twelve freeholders from each of the divisions or from the part remaining after separation of a new division. Act No. 3, Pub. Acts 1913.

2. SAME—TAXATION—BOARD OF SUPERVISORS.

The proceedings for erecting a new township are not necessarily void because the board of supervisors neglected to provide for a collection of taxes in the newly organized township. Act No. 290, Pub. Acts 1909 (3 How. Stat. [2d Ed.] § 6293), sufficiently provides for the situation so created.

3. SAME—CHANGE OF BOUNDARIES—SPECIAL ACTS.

Prior to 1911 boards of supervisors had power to change the boundaries of townships only which had been fixed by the board, and under Act No. 96, Pub. Acts 1911 (1 How. Stat. [2d Ed.] § 970), a wider jurisdiction was conferred upon the board. The statute provides that they shall have power to change the boundaries of any township whether· the same may have been fixed by special act of the legislature or by action of the board.

4. SAME.

By a fair construction of this language and of Acts Nos. 3 and 4, Pub. Acts 1913, the authority includes townships, the boundaries of which had been fixed by the territorial legislature as well as those which the State legislature had determined.

Error to Wayne; Murphy, J. Submitted January 28, 1915. (Docket No. 136.) Decided February 4, 1915.

Certiorari by John Bailey, one of the supervisors

of Wayne county, against the board of supervisors of said county, to review proceedings taken by said board to organize a new township out of the township of Monguagon. Judgment for defendants. Plaintiff brings error. Affirmed.

*George W. Coomer,* for appellant.

*Allan H. Frazer,* Prosecuting Attorney (*Taylor, Delbridge & Behr,* of counsel), for respondent.

BIRD, J. The township of Monguagon, Wayne county, is divided into nearly two equal parts by the west channel of the Detroit river. A petition signed by the requisite number of freeholders residing in the township was filed with the board of supervisors to organize into a new township that portion lying east of the channel, which is commonly called Grosse Isle. Favorable action thereon resulted against the objections of the petitioner, and he thereupon obtained a writ of certiorari from the circuit court to test the validity of the proceedings. The proceedings were sustained by the circuit court, and this court is now called upon to review them.

1. The first question raised is that the petition contained the names of none of the freeholders of the township who resided west of the channel. The question, therefore, which this objection presents is whether, in the division of one township into two, it is necessary that the petition shall be signed by 12 freeholders of the territory seceded from, as well as 12 freeholders of the seceding territory.

The statute which controls such cases provides that such petition shall be upon the application "of at least 12 freeholders of each of the townships to be affected by the division." Act No. 3, Pub. Acts 1913. Of course, it is clear that, if the territory proposed to be organized into a new township were carved out of two or more townships, the petition would have to

be signed by 12 freeholders from each township, and, by analogy, it is argued that, where the territory of the proposed township is taken wholly from the territory of one township, 12 freeholders from the part left, as well as the part taken, are necessary to confer jurisdiction. See *Scrafford* v. *Supervisors*, 41 Mich. 647 (2 N. W. 904). While it might have been in the interest of fairness for the legislature to have so provided, we are satisfied from the language used they did not so provide, and, if we should so construe the act, we would be obliged to read something into the statute which is not there.

2. It is further contended that the proceedings are void, because no provision was made by the board of supervisors for the collection of taxes in the new township. We think this objection is fully answered by Act No. 290, Pub. Acts 1909 (3 How. Stat. [2d Ed.] § 6293), which provides for just such an exigency.

3. The final point argued is that the proceedings are void because the board of supervisors has power only to change the boundaries of a township which has been organized by a special act of the legislature or by action of the board of supervisors. It is argued that the boundaries of Monguagon were fixed by neither; that they were fixed by the territorial council in 1827, and therefore they cannot be disturbed under this act. Prior to 1911 boards of supervisors had power to change the boundaries only of townships which had been fixed by them. *Harrison* v. *Supervisors*, 117 Mich. 215 (75 N. W. 456). Act No. 96, Pub. Acts 1911, was evidently passed to change the law in this respect, and to give the board a wider jurisdiction. It was therein provided that boards of supervisors should have power to change the boundaries of any township, "whether the boundaries of such township may have been fixed theretofore by a special act

of the legislature or by action of the board of supervisors." See Acts 3 and 4, Pub. Acts 1913. We think this language, fairly construed, includes townships whose boundaries were fixed by the territorial legislature, as well as those fixed by the State legislature.

The order of the circuit court quashing the writ of certiorari is affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.