## SPECIAL SCHOOL DISTRICT No. 79 v. SPECIAL SCHOOL DISTRICT No. 2.

### Opinion delivered January 3, 1916.

1. SPECIAL SCHOOL DISTRICTS—ORGANIZATION—LANDS OF OTHER DISTRICT. —Rural special school districts can only be established out of territory not already incorporated in a special school district, and such district, when once established can not be dismembered by including a portion of its territory within the boundaries of another rural special school district.

2. SCHOOL DISTRICTS—FORMATION OF—CONFLICTING PETITIONS—PRIORITY. —When the petition required by statute is presented, for the establishment of a rural school district, with the maps showing the territory to be included therein, no other election, upon a petition for the establishment of another school district, which will affect any of the territory covered by the first petition, can be held, until the first election ordered, shall have resulted in a failure to establish the district petitioned for.

Appeal from Greene Chancery Court; *C. D. Frierson,* Chancellor; reversed.

*Block & Kirsch,* for appellant.

There is but a single question in this case: Of two special school districts, in part embracing the same territory, sought to be created under Act 321, Acts 1909, which exists as a legal entity, the one in which the petition is first granted but the election is held last, or the one in which the petition is later granted, but the election is held first?

Territory once organized and established into a rural special district, can not be cut off and included within another rural special school district. 102 Ark. 401. Act 321 adopted the procedure of section 7669, Kirby's Digest, making only two changes: (1) the petition must be accompanied by a map showing the territory, and (2) the petition must be presented to the county judge. The Legislature never intended to make possible elections on four different days affecting the same territory. The presentation of a petition is the first jurisdictional requisite, and the county court has no discretion; its sole duty is to grant the petition and fix the day for the election. If a

second petition is presented embracing part of the same territory, he can not grant it until the election is held under the first. 103 Ark. 298. The filing and granting of a petition set in motion the machinery, and when the election is held, if the vote is favorable, the validity of the district, and its existence, relate back to the time it was filed. 102 Ark. 411; 103 *Id.* 298. District No. 2 therefore has no legal existence.

*Geo. A. Burr* and *R. E. L. Johnson,* for appellee.

1. Appellant secured no vested rights by the presentation of its petition and obtaining an order, etc. 102 Ark. 411; 103 *Id.* 298. It seems clear the county judge could entertain as many petitions as he saw fit.

2. Appellee was simply trying to protect its rights and territory, and the chancellor properly ruled in its favor. The fight was between Nos. 79 and 3, but both were knocked out and undone by the election in appellee district.

3. A special district is established when a majority of legal votes cast are for the district. 102 Ark. 411; 103 *Id.* 298. If district No. 2 was established by its election, the subsequent election by 79 could not interfere with its boundaries. 102 Ark. 401.

Kirby, J. This appeal involves the validity of certain rural special school districts in Greene County. The required number of electors petitioned the county court for the establishment of Rural Special School District No. 79, presenting with the petition a map showing the territory desired to be so organized. The court ordered the election to be held on the 30th day of August, 1913, and on the 22d day of August, 1913, a petition for the creation of certain territory into Rural School District No. 3, with a map showing the territory was presented to the county court, and an election ordered by it to be held on the 29th day of August. Both districts as shown by the maps of the territory proposed to be included in each embraced the west half of the northeast quarter of section 10, in township 18 north, range 5 east, Greene County.

The elections were held at the times appointed and the districts declared established. Others presented a petition on the 30th day of August, 1913, for Rural Special School District No. 2, and the election thereupon was ordered held on the 9th day of September, 1913. This district, as shown by the map presented with the petition for its establishment embraced much of the territory included in Special School District No. 79, which was the first district petitioned for, but none of that included in Special District No. 3, which held the first election. The validity of plaintiff District No. 2 is dependent upon the invalidity of School District No. 79, first petitioned for.

The county judge or county court ordered the election for each district petitioned for and all were regularly established so far as following the procedure required by the statute therefor and the vote at the election is concerned.

The petition for the establishment of District No. 79 was presented to the county judge on the 19th day of August and the election ordered and held on the 30th day of August, while the petition for the establishment of district No. 3 was presented on the 22d day of August and election ordered and held on the 29th day of August, one day in advance of the time of the election for the district first petitioned for.

(1) Rural special school districts can only be established out of territory not already incorporated in a special school district, and such district, when once established, can not be dismembered by including a portion of its territory within the boundaries of another rural special school district. *Crow* v. *Special School District No. 2,* 102 Ark. 401.

If the election for the establishment of District No. 79 first petitioned for, had been held and resulted in a majority in favor of its establishment, the district would have been organized as held in *Common School District* v. *Oak Grove Special School District,* 102 Ark. 411, and *Bonner* v. *Snipes,* 103 Ark. 298. But District No. 3 held its election at the time appointed, one day prior to that fixed

for the election in said district 79 first petitioned for and a majority voted in favor of the establishment thereof. Under the law authorizing the county judge to fix the date of the election for the establishment of districts petitioned for, not less than seven nor more than fifteen days from the date of the presentation of the petition, these dates could be fixed as they were for the elections petitioned for if the county judge has authority to order an election for the establishment of certain territory into a rural special school district which had already been included in the map showing the territory asked to be made into another rural special school district already petitioned for.

(2) The majority is of opinion that the county judge has no such authority, and the law does not contemplate that there shall be more than one election ordered at a time for the establishment of particular territory into a rural special school district, nor that after a petition has been presented for the organization of such special district with the map showing the territory asked to be included therein that any other petition for the inclusion of any of such territory into another rural special school district shall be considered by the county judge nor an election ordered thereon until the election ordered upon the petition first presented shall have been held.

In other words, when the required petition is presented for the establishment of the district with the map showing the territory to be included therein, the field is occupied so far as such territory is concerned and no other election upon a petition for the establishment of a district which will affect it can be held until the first election ordered shall have resulted in a failure to establish.

It follows that District No. 79, including the portion of said section 10 which was also included in the territory asked to be established as District No. 3, having been organized into a special school district, that said district numbered 3 could not be so established since its organization would have effect to cut off said territory embraced in said district numbered 79 which can not be done.

The fact that the election ordered for its establishment was held one day before the election ordered for the establishment of said District No. 79 first petitioned for did not have effect to include it within such district nor validate its organization since the county court was without power to order such election before the date of the one ordered to be held for the establishment of said district numbered 79, which was established by a majority vote upon the date of election so designated.

It follows that both said districts later petitioned and voted for were void as attempting to include territory already established into a rural special school district, which could not be done.

The judgment is reversed and the cause remanded with directions to dismiss the complaint for want of equity.