# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

RURAL SPECIAL SCHOOL DISTRICT No. 85 *v.* TATUM.

## Opinion delivered May 12, 1919.

1. SCHOOLS AND SCHOOL DISTRICTS—RURAL SCHOOL DISTRICTS.—A rural special school district can be established only out of territory not already incorporated in a special school district; and such district, when once established, cannot be dismembered by including a portion of its territory within the boundaries of another rural special school district.

2. SAME—SINGLE SCHOOL DISTRICT—EFFECT OF ORDERING ELECTION.— The territory embraced within a petition for the creation of a new single school district cannot, after the election has been ordered, be invaded by an attempt to create another district out of a part of the territory.

Appeal from Union Chancery Court; *Jas. M. Barker,* Chancellor; affirmed.

### STATEMENT OF FACTS.

This appeal involves the validity of certain rural special schools districts in Union County, Arkansas.

On the 24th day of May, 1918, the number of electors required by the statute filed their petition with the county judge of Union County asking that certain territory be organized into a single school district. The petition was accompanied by a map showing the territory asked to be made into the single school district. It was proposed by the petitioners to form Rural Special School District No. 85 out of part of the territory then embraced in common school districts Nos. 4, 47, 52 and 84. On May 25, 1918, petitions were filed respectively by the requisite number of electors of common school districts 52 and 84 with the county judge asking that each of said districts be incor-

porated into a rural special school district and that they bear their common school district numbers when so organized. Each of these petitions was accompanied by a map showing the territory of the proposed district as required by the statute. On May 27, 1918, the electors respectively of common school districts Nos. 4 and 47 filed a petition and map with the county judge, in the manner required by the statute, asking that each of said districts be organized into a rural special school district and that each bear its common school district number when so organized. On May 29, 1918, the county judge acted on all five of these petitions ordering elections to be held in each of said districts within the time provided by the statute. An order was made that the elections in districts Nos. 4, 47, 52 and 84 should be held on the 8th day of June, 1918. The county judge made the order for the election in these districts before he made an order for an election to be held in proposed district No. 85. The election in proposed district No. 85 was ordered to be held on the 11th day of June, 1918. The elections in all of the said districts were duly held as required by the statute and a majority of the votes cast at each election was in favor of the organization of the single school district.

The plaintiffs brought this suit in equity against the defendants. In their complaint they set out the facts above stated and allege that they are the directors of Single School District No. 85. The object of the suit is to restrain George S. Tatum, one of the defendants, as county clerk of Union County, from placing any of the funds arising from the territory embraced in Rural Special School District No. 85 to the credit of either of the Rural Special School Districts Nos. 4, 47, 52 and 84, and also to enjoin the defendant, Jim Dumas, as county treasurer of Union County, from paying out any of the funds of district No. 85 to districts Nos. 4, 47, 52 and 84.

The chancellor was of the opinion that proposed Single School District No. 85 had never been legally formed and had no existence as a legal entity. It was therefore decreed by the court that the complaint of the plaintiff

be dismissed for want of equity. The plaintiff has appealed.

*W. A. Spear* and *Powell & Smead,* for appellants.

1. The organization of Special Rural District 85 takes precedence over the districts, 4, 47, 52 and 84, having first filed its petition and in every way complied with the law, its organization relates back to the filing of its petition on May 24, 1918, and takes precedence over the petitions filed subsequently, notwithstanding the court in fixing the dates of the elections fixed an earlier date.

2. If so formed it takes precedence and is entitled to the school funds in the hands of the collector. 121 Ark. 581. This case is controlling and settles the question and the decree should be reversed and plaintiff's prayer for injunction granted.

*Neill C. Marsh* and *W. C. Medley,* for appellees.

1. 121 Ark. 581 does not control this, as the facts are not similar.

2. The county judge revoked and canceled the order calling an election in proposed district 85.

3. Appellant had no cause of equity jurisdiction, as it had an adequate remedy at law. The cases cited by appellant do not apply. The election was ordered in appellee districts prior to the date the petition of appellant was presented. The mere filing of a petition describing territory is not sufficient. The ordering of an election is necessary. 121 Ark. 581 is not controlling, but 123 *Id.* 570 is conclusive and the decree should be affirmed.

HART, J., (after stating the facts). The decree of the chancellor was right. In *Special School District No. 79* v. *Special School District No. 2,* 121 Ark. 581, the court, following *Crow* v. *Special School District No. 2,* 102 Ark. 401, held that rural special school district can only be established out of territory not already incorporated in a special school district, and that such district when once established cannot be dismembered by including a portion of its territory within the boundaries of another rural special school district.

The court further held that the law did not contemplate that there should be more than one election ordered at a time for the establishment of a particular territory into a rural special school district, nor that, after a petition had been presented for the organization of such special district with the map showing the territory asked to be included therein, any other petition for the inclusion of any such territory into another rural special school district should be considered by the county judge, nor an election ordered therein until the election ordered upon the petition first presented should have been held.

It is contended by counsel for the plaintiff that this decision does not control the instant case because the petition for the formation of Single School District No. 85 was filed before the petitions in the other districts were filed. This does not make any difference. It is not the filing of the petition, but the presentation thereof and the judgment of the court therein which closes the door to the presentation of other petitions until the election provided for in the petition first acted on shall have been held. This was the construction placed upon the decision in *Rural Special School District No.* 17 v. *Special School District No.* 56, 123 Ark. 570. In the latter case the court, referring to the former, said that the court had recently held that the territory embraced within a petition for the creation of a new single school district cannot, after the election has been ordered, be invaded by an attempt to create another district out of a part of that territory.

It follows that the decree must be affirmed.