PETITIONERS OF SCHOOL DISTRICT NO. 112 OF KIOWA COUNTY v. LINN, Dist. Judge, et al.

No. 30511.   Dec. 23, 1941.

Rehearing Denied Jan. 13, 1942.

Application for Leave to File Second Petition for Rehearing Denied Feb. 3, 1942.

121 P. 2d 608.

Tolbert, Tolbert & Gillespie, of Hobart, for petitioners.

Oris L. Barney, of Anadarko, for respondents.

BAYLESS, J.   The 18th Legislature of the State of Oklahoma, at its regular session in 1941, enacted Senate Bill No. 81, chapter 24, S. L. 1941, page 407. This act contained an emergency clause and became effective June 4, 1941. Briefly, this act related to the formation and alteration of school districts and by its terms expressly repealed certain existing legislation. Since the parties state that no attack is made on the constitutionality of this act, we do not direct our attention to that aspect of the law, but make the preceding statement for purposes of clarity.

June 13, 1941, a petition, alleged to be signed by a majority of the qualified electors of a designated portion of district No. 112, Kiowa county, Okla., petitioning for the annexation of the specified portion of said district No. 112 to school district No. 39-82, Kiowa county, Okla., was presented to the county superintendent of Kiowa county, Okla. On that date the county superintendent of Kiowa county, Okla., accepted the filing of said petition and gave notice on that date that he would hear said petition July 2, 1941. By the terms of the act a county superintendent is required to give notice of intention to hear such petition within ten days of the filing thereof, and is required to set the day of hearing not less than ten or more than 20 days after the date of the posting of the notice of hearing.

June 16, 1941, a petition, alleged to have been signed by the majority of all of the qualified electors of all of said district No. 112, petitioning the annexation of all of said district to school district No. 33, Caddo county, Okla., was presented to the county superintendent of Caddo county, Okla. On that date the county superintendent of Caddo county accepted the filing of said petition, and on that date gave notice that he would hear the petition on the 26th day of June, 1941.

Although the petition for the annexation of a portion of school district No. 112, Kiowa county, Okla., was filed, and notice of its hearing was given, before the petition for the annexation of all of

said district to district No. 33, Caddo county, was filed, or any notice thereunder given, nevertheless the petition last filed was set for hearing first and was heard and granted first.

At the hearing on June 26th, before the county superintendent of Caddo county, a number of the petitioners to the county superintendent of Kiowa county appeared as objectors to the petition filed with the county superintendent of Caddo county. After hearing upon the petition and the unwritten objections thereto, the county superintendent of Caddo county made an order finding· that he had jurisdiction under the terms of the act and made an order annexing all of school district No. 112, Kiowa county, to school district No. 33, Caddo county. An appeal, according to the terms of the act, was taken to the district court of Caddo county. On appeal the district court of Caddo county affirmed the act of the county superintendent of Caddo county.

Although the act provides for an appeal to the district court of the county whose superintendent has made such an order, the act says:

"The jurisdiction of the district court shall be limited, however, to the determination of whether the provisions of this act have been substantially complied with, and the judgment of said court shall be final."

Because of this provision of the act with respect to the limited nature of the review of the district court and the finality of its order, the parties aggrieved applied to this court for certiorari to inquire into the jurisdiction of the county superintendent of Caddo county.

The petitioners presented in the hearing before the county superintendent of Caddo county, and in the hearing before the district court of Caddo county, and in their brief here one proposition argued on two points. They insist that the county superintendent of Caddo county had no jurisdiction, and likewise the district court of Caddo county, because: (1) The jurisdiction of the county superintendent of Kiowa county with respect to the petition for annexation affecting district No. 112, Kiowa county, had been invoked by the petition filed with him and the notice given by him before the county superintendent of Caddo county had been petitioned to act, making the jurisdiction of the county superintendent of Kiowa county exclusive; and (2) the number of signers of the petition presented to the county superintendent of Caddo county was less than the number prescribed by statute to invoke the exercise of his powers.

The respondents argue, first, that there are no jurisdictional questions presented in this matter; and, second, they answer the two points urged by petitioners.

Relying upon the general rule stated in 15 C. J. 1134, sec. 583; 21 C.J.S. 745, sec. 492; Schofield v. Melton, 166 Okla. 64, 25 P. 2d 279, and several other Oklahoma decisions of like effect, petitioners urge that the rule applicable to the state of facts before us is that the county superintendent first acquired jurisdiction who received a petition and gave notice of the hearing thereof, and the jurisdiction thus acquired over the territory involved in the petition presented to him was exclusive. As a corrollary to this, petitioners also argue that no other county superintendent has power thereafter to undertake to receive a petition and to exercise any power thereunder which would result in a conflict of orders with respect to the territory over which another county superintendent had already acquired jurisdiction.

The petitioners call attention to several defects in the act, supra, and point out instances of possible confusion, conflict of jurisdiction, and other uncertain situations that may arise from the enforcement of the act in question. However, since no attack is made upon the constitutionality of the act, we do not in this opinion undertake to pass upon issues which might arise from the matters pointed out.

Respondents say in respect to the first proposition, and cite House v. Musick, 185 Okla. 264, 91 P. 2d 676, that no

jurisdictional question is presented by the record before us. The argument made in support of this contention is that the jurisdictional issues urged by petitioners are not apparent on the pleadings, but turn upon issues of fact, that is, controversial facts, and are not reviewable by certiorari. We disagree with respondents' construction of the record before us with respect to whether the jurisdictional facts appear upon the face of the pleadings or are made to appear by questions of fact as to which the evidence is in conflict. We take the rule to be as stated in School District v. Walden, 146 Okla. 19, 293 P. 199, to the effect that a writ of certiorari will issue to an inferior tribunal to bring to the issuing court the record for review as to whether the inferior tribunal has jurisdiction of the subject matter, a thing generally disclosed by the pleadings, and also whether it has stayed within or exceeded the limits of the jurisdiction conferred on it by law, a thing that generally is disclosed by the facts and reflected in the judgment.

Respondents also argue that under the terms of the act in question two or more such petitions as involved herein may be pending at the same time, for there is nothing in the express language of the act that can be used to limit the number of petitions that may be filed and pending at one time. From this premise respondents pass to the discussion of a rule to the effect that where it is permissible for two or more such controversies to pend, the tribunal which first determines the petition presented to it, including a finding of fact upon the jurisdictional issues, has the jurisdiction and its order is binding. They cite Micco v. Huser, 185 Okla. 394, 91 P. 2d 1069, and other Oklahoma cases relating to guardianship matters in the county courts.

Thus the issue in this matter is resolved to this point: Does the county superintendent who first receives a petition and gives notice of hearing, or does the county superintendent who receives a petition and gives notice (irrespective of whether other petitions are pending and notice given) and first makes an order determining the issue, have jurisdiction?

We are not cited a school district case involving a similar issue, nor have we found a case in which petitions for the annexation of an entire school district or a portion of a school district in one county to school districts in different counties have been pending at the same time. 56 C. J., sec. 66, page 223, and notes.

The regulation and government of school affairs in Oklahoma has been entrusted to the Legislature by our Constitution, and this court must be cautious in undertaking to interpret the laws enacted, in order to avoid in any manner interfering with the expressed will of the Legislature except upon the clearest grounds. Nevertheless, a study of the act in question and a comparison of it with previous laws expressly repealed by this act discloses that the act in question has inaugurated several fundamental changes in the law upon this subject. Without undertaking to enumerate, as the petitioners have done, some of the consequences which may arise from an enforcement of the liberal terms of the act in question, we observe that there may be occasion for many perplexing issues to arise under this act. Therefore, we are limiting our decision to this matter solely to the rather precise issue between the parties as above stated. Since we take the petitioners' view on the first point of their argument, the judgment of the district court of Caddo county affirming the act of the county superintendent of Caddo county must be set aside, and the order of the county superintendent of Caddo county annexing district No. 112 of Kiowa county to district No. 33 of Caddo county must be set aside.

We are of the opinion that it is more reasonable to hold that the county superintendent who first receives a petition and first gives notice of hearing thereof acquires exclusive jurisdiction with respect to the territory involved and described in the particular petition, and that no other county superintendent

190

has authority to receive a petition seeking to attach the district or a described portion thereof to a school district in another county nor hear the same during the pendency of the hearing before the county superintendent who first acquired jurisdiction. It seems more reasonable to us to decide this issue to this effect because it will tend to keep down unseemly conflicts over the annexation of school territory subject to the possible jurisdiction of two or more superintendents. This thought acquires added support from the fact that whatever action a county superintendent takes has only a limited review by a district court, and the order on this limited review is unappealable. Different county superintendents might make conflicting orders, and the affirmance of these orders by different district courts, each of which orders of affirmance would be final under the act, supra, would lead to chaos in taxation and other school functions.

In the case of Peth v. Martin, 31 Wash. 1, 71 P. 549, successive petitions for the alteration of existing school districts were presented to the same county superintendent and it was there held that the county superintendent should act upon these petitions in the order in which they were presented, and from this we gather that the first order made determinative of issues contrary to issues presented in the later petitions precludes the necessity or power for passing on the later petitions. There are several Arkansas cases, Rural Special School District No. 85 v. Tatum, 139 Ark. 1, 211 S. W. 923; Priest v. Moore, 183 Ark. 999, 39 S. W. 2d 710; and Rural Special School District No. 21 v. Common School District No. 87, 183 Ark. 329, 35 S. W. 2d 587, and other cases wherein similar issues are discussed. See Schools and School Districts, Am. Dig. (West) Key No. 37. We think that the conclusion reached in one of these cases differs from that reached in others, but their study is helpful to an understanding of the issue before us.

The order of the district court of Caddo county affirming the order of annexation of the county superintendent of Caddo county is set aside, and the cause is remanded to the district court of Caddo county, with directions to sustain the appeal from the order of an annexation and direct the dismissal of the petition filed with the county superintendent of Caddo county.

CORN, V. C. J., and RILEY, OSBORN, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, C. J., absent. ARNOLD, J., dissents.