**CADDO INDEPENDENT SCHOOL DISTRICT, NO. I–5, Plaintiff in Error,**

**v.**

**J. W. SAMPSON, Glen Dean Goodwin, and Dora Mae Dean, Defendants in Error.**

**No. 43135.**

Supreme Court of Oklahoma.

Dec. 3, 1968.

P. Dean Spears, Durant, for plaintiff in error.

J. E. Bullard, Tishomingo, for defendants in error.

McINERNEY, Justice.

On March 22, 1968, a valid and sufficient petition for annexation of the entire dependent school district of Kenefic D–11, lying in Bryan and Atoka Counties, to the Caddo Independent School District No. I–5 in Bryan County was filed with the County Superintendent of Bryan County, Oklahoma. No objections were filed to this petition. On March 27, 1968, the Superintendent called for an election to be held on April 8, 1968. The annexation was approved by a majority of school district electors of the entire Kenefic District. On April 9, 1968, the County Superintendent issued his order declaring the annexation of Kenefic D–11 School District to the Caddo Independent School District No. I–5 in Bryan County. After the expiration of the ten day protest period, the State Board of Education changed their records to show the annexation of Kenefic D–11 School District to Caddo Independent School District No. I–5, effective April 19, 1968.

The defendants-in-error, residents of a portion of Kenefic D–11 lying in Atoka County, were eligible to vote, and some did, in the April 8, 1968 election.

On March 30, 1968, after the petition to annex the entire Kenefic D–11 School District had been filed with the County Superintendent of Bryan County, the defendants-in-error filed a petition with the County Superintendent of Atoka County for annexation of a described portion of Kenefic District D–11, situated in Atoka County, to Coleman School District No. 35 in Johnston County. The County Superintendent of Schools of Atoka County accepted the petition, but refused to call an election pending the result of the election to be held on April 8, 1968. The defendants-in-error instituted a mandamus action to require the County Superintendent of Atoka County to hold an election and, after service of the alternative writ, the County Superintendent called for an election to be .held on the second petition. Plaintiff-in-error intervened in the mandamus action and, after its motion for new trial was overruled, seeks a review of the proceedings here by writ of certiorari.

Certiorari was granted to determine whether the County Superintendent of Bryan County had exclusive jurisdiction to conduct an annexation election binding on all people within the Kenefic District for one year. The controlling statute, 70 O.S. Supp.1963 § 7–1(a), provides, in part:

"(a) The territory comprising all or part of a school district may be annexed to an adjacent school district, or to a school district in the same transportation area authorized to furnish transportation, or to two (2) or more such districts, when approved at an annexation election called and conducted by the county superintendent of schools in pursuance of a petition for annexation signed by a majority of the school district electors in the territory proposed to be annexed, hereinafter referred to as the area affected, as provided in this Section. Such election shall be held within fifteen (15) days after the county superintendent of schools receives such petition, at some

public place in the school district in which the area affected is situated, between the hours of two (2) o'clock p. m., and six (6) o'clock p. m., and notice thereof shall be given by the county superintendent of schools in the same manner as special meetings of the school district electors of of school districts; provided, that the county superintendent of schools shall not be required to call or hold an election for the purpose of annexing a part of a school district more than once during any twelve month period."

and in § 7-1(e):

"(e) If the territory proposed to be annexed is situated in more than one (1) county, the petition shall be filed with the County Superintendent of Schools of the county in which the largest part of such territory lies, and he shall call and conduct the annexation election and perform the other duties required herein of the County Superintendent of Schools."

A similar factual situation was presented and considered in Petitioners of School District No. 112 of Kiowa County v. Linn, 190 Okl. 187, 121 P.2d 608 (1941). The Court held that the County Superintendent who first receives an annexation petition and first gives notice of hearing acquires exclusive jurisdiction with respect to the territory involved and described in the particular petition; that no other County Superintendent has authority to receive a petition seeking to attach the district or a described portion thereof to a school district in another county, nor hear the second petition during the pendency of the hearing before the County Superintendent who first acquired jurisdiction. The Court said in Linn, on page 611, that the rule announced " * * * will tend to keep down unseemly conflicts over the annexation of school territory subject to the possible jurisdiction of two or more superintendents" and will avoid " * * * chaos in taxation and other school functions." We agree with this reasoning.

The 1941 act, 70 O.S. § 7-1, was the basis for the decision in Linn and has since been amended. The amendments do not affect the question presented in Linn, or the conclusion reached here. Senate Bill No. 81, the statute in force in 1941 when the Linn case was before this Court, provided for a hearing on the annexation petition before the County Superintendent of the county embracing that part of the territory affected having the greater assessed valuation. The 1963 amendments provided for an election to be called by the County Superintendent of the county in which the largest part of the territory lies. The one year limitation on annexing all, or portions of, a school district is contained within the 1963 amendment, being H.B. 606. The one year limitation contained in § 7-1(a) relates to a permitted action by the County Superintendent in conjunction with the area affected by his jurisdiction. If the limitation were considered to be solely discretionary with the County Superintendent independent of the area affected; that is, considering the boundaries of the counties without consideration of the boundaries of the school district affected, and the students therein, the reasoning of the Linn case, and the evils sought to be avoided by the reaffirmation of the rule there announced, is nullified. The major premise of establishing a guide line for school district annexations together with a protection against numerous later petitions by those dissatisfied with the results of an annexation is clear.

Defendants-in-error rely on Independent School District No. JI-69 of Canadian County v. Independent School District No. D-45 of Canadian County, Okla., 363 P.2d 835, to support their position. The cited case involved three separate school districts, none of which originally was a part of the other. The question presented here was not considered in the Canadian County case cited and is, therefore, not applicable.

The judgment of the trial court is reversed and the case is remanded to the District Court with directions to dismiss the petition.

All the Justices concur.