[No. 2689. Decided December 11, 1897.]

URSULA WYCKOFF, Respondent, v. KING COUNTY AND JOHN W. MAPLE, as County Treasurer, Appellants.

TAXATION — ACT REMITTING PENALTIES — WHAT TAXES INCLUDED — VOLUNTARY PAYMENT.

Under Laws 1895, p. 67, §1, providing that "all of the penalty and accrued interest shall be remitted on all delinquent state, county and municipal taxes which became due and payable in the years 1893 and 1894, and which shall be paid on or before the first day of July, 1895," taxes assessed and levied for the year 1892 are entitled to the remission of penalties and interest.

Where a county treasurer refuses to receive a payment of delinquent taxes unless penalty and interest are also paid, although a remission of penalty and interest have been granted by statute, if paid by a certain date, the payment, under protest, by the property owner of the penalty and interest does not constitute a voluntary payment thereof, and the sums paid may be recovered from the county.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*James F. McElroy*, and *John B. Hart*, for appellants.

*White, Munday & Fulton*, for respondent.

If the position or interests of a party are such as to require from another the performance of a duty enjoined by law, and he was illegally compelled to pay the money to induce such performance, such payment is coerced and involuntary. *Baker v. Cincinnati*, 11 Ohio St. 534; *Winzer v. Burlington*, 27 N. W. 242; *Shoup v. Willis*, 6 Pac. 124; *Erskine v. Van Arsdale*, 15 Wall. 75; *State v. Nelson*, 42 N. W. 548; *City of Louisville v. Anderson*, 42 Am. Rep. 224; *Wabaunsee County v. Walker*, 8 Kan. 431.

The opinion of the court was delivered by

DUNBAR, J.—This action was instituted by respondent as plaintiff seeking to recover the sum of $192.86, and interest, alleging that the same had been paid involuntarily and under protest as penalty and interest on the original taxes by respondent as owner of certain lands situated in King county. To the amended complaint of respondent a demurrer was interposed by the appellant, which demurrer was overruled by the court. Judgment was entered for the respondent, from which judgment this appeal is taken. The complaint in substance alleges that the taxes were levied and assessed for the year 1892, and became due and payable in the year 1893; that the respondent tendered to King county and to its treasurer the sum of money due as taxes and demanded a receipt in full showing payment of taxes; that the treasurer refused to accept such sum and issue said receipt unless the further sum of $192.86, penalty and interest accruing on the taxes, should be also paid. The respondent on said day paid both the penalty and interest and the taxes as demanded, and thereafter brought this suit to recover the penalty and interest so paid, alleging that he paid the penalty and interest in order that the lien created by said unpaid taxes might be discharged and the cloud upon plaintiff's title to said property be cleared, and further to secure a receipt from said treasurer for the taxes legally due from plaintiff on said property, and for no other reason paid said penalty and interest, and that he paid the same under protest. The first contention of appellant is that it was not the intention of the legislature to remit penalty and interest on taxes which were assessed for the year 1892. The law under consideration is section 1 of chapter 44, p. 67, of the Laws of 1895, and is as follows:

" All of the penalty and accrued interest shall be remitted on all delinquent state, county and municipal taxes which

17—18 WASH.

became due and payable in the years 1893 and 1894, and which shall be paid on or before the first day of July, 1895, and the proper officer shall receive the net amount of such taxes in full satisfaction thereof."

The appellant insists that this law does not have application to taxes which became delinquent in the years 1893 and 1894, nor to taxes which became due and payable in other years than those specified, to-wit, 1893 and 1894; that the penalty and interest must have accrued on taxes which became due and payable in the years specified, and that inasmuch as under the laws of 1891 it is the duty of the county auditor to deliver the tax books of the county to the county treasurer on or before the first day of December in each year, and that such books with the warrant for collection authorized the county treasurer to receive and collect taxes therein levied; that it is plain that the taxes levied for the year 1892 became due and payable at the time the treasurer was authorized to receive and collect the same under the law of 1891, viz., December 1, 1892, and that it is therefore evident that the provisions of the law of 1895 do not apply to taxes levied for the year 1892, and which became due and payable in that year. An inspection of the law itself convinces us that that is a too technical construction to place upon it. While it is true that there was an opportunity to pay the taxes in December, 1892, they did not actually become due until the first day of July, 1895—that is, due in the sense in which we think the word was used by the legislature, the legislature having reference in the use of that word to the time of delinquency on the part of the tax payer, viz., the time when it could be collected under the law. An apt illustration is given by the respondent, viz., that of a note in which the maker promises to pay on or before a given date. This obligation would be payable at any time before such date, but would not be due in the sense

that its collection could be enforced until the expiration of said date; and the statute in this case provides for this remittance on taxes which were not only payable in the years 1893 and 1894, but which became due and payable in said years. On the whole, we are satisfied that it was the intention of the legislature to include the taxes assessed for the year 1892. A technical objection, however, is raised by the appellant to the sufficiency of the complaint in this case, viz., that the complaint does not show that the payment was an involuntary one. This objection certainly cannot have any ethical standing, for, if it be conceded that the county was not entitled to the penalty and interest which it received, it has that amount of money which belongs to the plaintiff, through no fault of the plaintiff, but because the officer of the county refused to receive the net amount of such taxes in full satisfaction thereof as the law in section 1, above quoted, plainly commands him to do, but compelled the plaintiff to pay this additional amount in order to receive his tax receipt, and to relieve his land from the lien which properly attached to it, against the will and over the protest of the plaintiff, and in such case it becomes the moral duty of the county to refund the same upon demand, and certainly it is not the policy of the law to put the tax payer to the cost of an action at all to recover that which concededly belongs to him, for frequently the amount remitted is so small that it will not warrant the expense of a suit. This is not an ordinary case of the payment of taxes under protest, and does not fall within the principle announced by the cases cited by the appellant. Most certainly not within the principle announced in the case cited from this court, viz., *Montgomery v. Cowlitz County*, 14 Wash. 230 (44 Pac. 259). There is no question raised here as to the legality of the assessment or anything of that character. The tax payer simply desires to obtain the benefit

of the remittance which the law in its grace has granted him, and it will be plainly seen that if he should wait until process was issued. to compel the payment of the taxes, either by distraint or otherwise, that he would have waited too long to receive the benefit of the remittance, because the payment of the taxes on the first day of July, 1895, is the condition precedent to his being allowed the benefit of the remittance. The judgment will be affirmed.

SCOTT, C. J., and GORDON and REAVIS, JJ., concur.