[No. 7395.   Decided September 15, 1908.]

PUGET REALTY COMPANY, *Appellant*, v. KING COUNTY,
*Respondent*.[1]

TAXATION—ASSESSMENTS— EXCESSIVENESS — RELIEF FROM — MIS-
TAKE. The courts will grant relief from an excessive assessment, and
require repayment of the tax, where it appears that 12.22 acres was
by mistake assessed as 22.22 acres at the same rate per acre as ad-
jacent property, making the assessment $13,000 in excess of what it
would have been if the assessor had known the area; nor is it neces-
sary to relief that appeal be made to the board of equalization where
the mistake was not discovered until after payment of the tax.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered March 28, 1908, upon granting a
nonsuit, after a trial on the merits, dismissing an action to
recover taxes paid.   Reversed.

*Daniel Landon* and *Moncrieffe Cameron*, for appellant.

*Kenneth Mackintosh* and *Ernest B. Herald*, for respondent.

FULLERTON, J.—In this action the appellant sought to re-
cover from King county the sum of $343.22, paid as taxes on
an overassessment.   The facts out of which the controversy
arises are, in substance, these:  The appellant owned a tract
of land, situated in King county, and subject to taxation
therein, containing 12.22 acres.   This property was not
assessed by any of the regular deputy assessors for the year
1906, and the fact of its omission was discovered when mak-
ing up the assessment roll.   The assessor thereupon assessed
it at the same valuation per acre that surrounding and adja-
cent property was assessed.   In making up the assessment,
however, he estimated the tract to contain 22.22 acres, and as-
sessed it at some $13,000 more than he otherwise would
had he known its exact area.   The taxes were carried out on
the assessment roll on the basis of this valuation.   The appel-

[1]Reported in 97 Pac. 226.

lant owned other lands in King county likewise subject to taxation. After the taxes became payable in 1907, it sent to the treasurer a description of its property in King county, together with a signed check on its banker, payable to the county treasurer, with the amount left blank, and directed the treasurer to ascertain the amount of taxes due upon the several tracts described, fill in the blank with the amount of such taxes, and cash it in payment of the same. The treasurer did so, and it was upon receiving the tax receipts that the appellant learned that it had been over assessed on the 12.22 acre tract. The appellant sought to have the assessment corrected and the overpayment returned, but while it obtained a correction in the description and valuation for the subsequent year it was obligated to pay under that assessment, it was refused repayment of the amount it had overpaid, on the theory, apparently, that the county commissioners were without power to return the money. The appellant made no examination of the assessment rolls prior to the levy of the tax to ascertain whether or not any of its property had been overvalued, nor did it appear before the board of equalization for that purpose prior to the payment of the tax it now seeks to recover.

On the foregoing facts, the trial court held the appellant to be without remedy, entering a judgment against it of dismissal, and for costs.

The respondent contended in the court below, and it argues in this court, that the appellant is barred from recovery because it has shown nothing more than a mistake on the part of the assessor resulting in an overvaluation, and that a court will never interfere to correct a mere mistake of the assessing officer in matters of taxation, but that it must appear that the officer, in making the assessment, has acted maliciously, fraudulently, or capriciously, or without the exercise of his fair judgment before his acts will be disturbed by the courts; and further, that the record here does not show any of the elements necessary to warrant interference.

In *Templeton v. Pierce County*, 25 Wash. 377, 65 Pac. 553, this court reviewed its previous holdings as to what facts were necessary to be shown to warrant the court in interfering with an assessment as returned by the assessing officers, summarizing the decisions in the following language:

"Fraud on the part of the assessing officer may be presumed from a palpably excessive or exorbitant overvaluation. The court will grant relief for an arbitrary, fraudulent, or malicious excessive valuation by the assessing officer. Where the assessing officer has exercised an honest judgment, and no fraud or arbitrary or capricious action in making the assessment is shown or can be presumed, the court will not interfere. Where it appears that the assessing officer endeavored honestly to get at the true value, and there is an honest difference of opinion as to the value, the judgment of the officer is conclusive. If property, even if overvalued, is assessed in the same proportion as other like property within the jurisdiction of the assessing officer, and the system of valuation adopted operates equally on all other property, the constitutional provision as to uniformity of taxation is complied with."

It announced the same principle, also, in the subsequent cases of *Henderson v. Pierce County*, 37 Wash. 201, 79 Pac. 617, and *Dickson v. Kittitas County*, 42 Wash. 429, 84 Pac. 855. These cases, it will be observed, lay down the rule as contended for by the respondent, with the exception, perhaps, that fraud, capriciousness, and the want of exercise of an honest judgment, may be inferred from the fact that the assessment greatly exceeds the value of the property, and is higher proportionally than the assessment upon other like property. It is perhaps true, also, that the language of these cases does not cover a case such as the present record presents. Here there was no fraud or capriciousness on the part of the assessor, or the failure to exercise an honest judgment by that officer on the facts as he understood them. The overassessment was caused by the fact that the officer made a mistake as to the quantity of land he was assessing.

But though the case may not fall within the language of the decisions cited, we think it falls within the principle of them. It is manifest that the appellant did not have the honest judgment of the assessor on the facts as they existed. It is clear that, but for the assessor's error, the appellant's property would have been assessed some $13,000 less than it was assessed, had the assessor correctly understood the conditions. This was a mistake, honestly made it is true, but its effect upon the appellant is just the same as it would have been had it been made dishonestly and with the purpose of defrauding it. Why then should it not have the same relief? We think it should. We think, also, that it was not mistakes of this character that the court referred to when it said that mere mistakes would not be corrected. It referred to mistakes such as may be classed under the head of inadvertences, which do not materially affect the rights of the owner, not those that amount to what is practically a double assessment. The objection that the proper remedy was to appeal to the board of equalization is met by the case of *Miller v. Pierce County*, 28 Wash. 110, 68 Pac. 358.

We conclude, therefore, that the appellant made a *prima facie* showing entitling it to relief. The judgment appealed from will be reversed, and the cause remanded with instructions to reinstate the case and put the county upon its defense.

HADLEY, C. J., MOUNT, and CROW, JJ., concur.