[No. 12820.   Department Two.   November 24, 1915.]

FRANK C. OWINGS, *Respondent*, v. THE CITY OF OLYMPIA,
*Appellant*.[1]

TAXATION—EXCESSIVE TAX—REMEDY OF TAXPAYER. A taxpayer may
pay an excessive levy under protest and maintain an action to recover
the same back.

MUNICIPAL CORPORATIONS—TAXES—EXCESS OF LEGAL LIMIT.   A tax
levy by a city of the third class in excess of the legal limit of ten
mills on the dollar "for all purposes," cannot be sustained on the
ground that the excess was made for the purpose of retiring out-
standing indebtedness of the city.

SAME—EXCESSIVE LEVY—CURATIVE ACT—"IMPOSING" TAX. Laws of
1915, p. 587, § 1, validating tax levies made by cities of the third
class in excess of the legal limit, is not in derogation of Const., art.
11, § 12, providing that the legislature shall have no power to impose
taxes upon cities; since it is merely a validating act.

SAME—CURATIVE ACT—VALIDITY.   Since the legislature had power
to authorize the tax and no rights have become vested, Laws of 1915,
p. 587, § 1, validating tax levies made by cities of the third class in
excess of the legal limit, is constitutional.

Appeal from a judgment of the superior court for Thurs-
ton county, Mitchell, J., entered November 23, 1914, in
favor of the plaintiff, in an action for money paid, tried to
the court.   Set aside and remanded.

*George R. Bigelow*, for appellant.

*Frank C. Owings*, for respondent.

MOUNT, J.—This action was brought by the plaintiff to
recover an excessive tax paid under protest.   The plaintiff
had judgment as prayed for.   The defendant has appealed.

The facts are briefly as follows:   The plaintiff is a resi-
dent and taxpayer in the city of Olympia.   In the year 1913,
the city made a total tax levy of 17.35 mills on the dollar
upon the taxable property.   Taxes were levied against the

[1]Reported in 152 Pac. 1019.

10—88 WASH.

property of the plaintiff upon the basis of that levy. Thereafter, when the taxes became due, the plaintiff tendered to the collecting officer $364.15 in payment of the first half of his taxes, which he admitted were properly levied against his property. The collecting officer refused to receive this amount, and insisted upon the sum of $429.96, the excess claimed by the plaintiff being $65.81. This excess payment was made to the collecting officer under protest, and thereafter this action was brought to recover the same back, for the reason that the city, in levying the tax of 17.35 mills on the dollar, had exceeded its authority under the statute. A judgment was entered as prayed for, and this appeal followed.

It is conceded that the city of Olympia is a city of the third class. In the case of *Whitfield v. Davies*, 78 Wash. 256, 138 Pac. 883, this court held that cities of the third class were limited in the levy of taxes to ten mills on the dollar for all purposes. It is plain, therefore, that the city exceeded its authority in making the levy in excess of ten mills upon the dollar. In this case the excess amounted to 7.35 mills.

It is contended by the appellant that the plaintiff did not pursue the proper remedy, because he might have protested the tax and restrained the levy. But this court held in *Tozer v. Skagit County*, 34 Wash. 147, 75 Pac. 638, that a taxpayer may pay an excessive levy under protest and maintain an action to recover the same back.

It is further contended by the appellant that, because the excess levy was made for the purpose of retiring outstanding indebtedness of the city, it was therefore valid. But we think a plain and sufficient answer to this is that the excessive levy was not authorized by law, and if there was outstanding indebtedness, that it would be cared for by the general fund which was provided for and for which a levy was made. We have no doubt, therefore, that the decision of the trial court was correct at the time it was made.

After the case was decided, and after an appeal had been perfected and was pending in this court, the legislature in 1915 passed a curative act, as follows:

"Section 1. That the tax levies made by cities of the third class for the years 1913, 1914, and prior years are hereby ratified and validated wherever the only reason of the invalidity of such tax levy or levies is that the same were made in excess of the limitations prescribed by statute, or were not apportioned according to the provisions of chapter 108, Laws of 1913; and upon the taking effect of this act, the proper officers are hereby authorized and directed to proceed with the extension, collection and enforcement of the lien of such taxes; and collections heretofore made are hereby ratified: Provided, This act shall not apply to such cities as did not attempt to collect such levies or which cancelled the same." Laws of 1915, ch. 176, p. 587.

It is argued by the respondent that this validating act is in derogation of § 12 of art. 11 of the constitution, which provides:

"The legislature shall have no power to impose taxes upon counties, cities, towns, or other municipal corporations, or upon the inhabitants or property thereof, for county, city, town, or other municipal purposes, but may by general laws vest in the corporate authorities thereof the power to assess and collect taxes for such purposes."

This constitutional provision means what it says, namely, that the legislature shall have no power to impose taxes upon cities for city purposes, but may, by general laws, vest in the corporate authorities thereof the power to assess and collect taxes for such purposes. The act of 1915, above quoted, is a validating act and nothing more. It does not in form purport to impose a tax upon cities of the third class. We think it is plain that it does not do so in substance, because the act does not impose any tax upon cities of the third class where such cities themselves had imposed none. In this case the city of Olympia, by its corporate authorities, had already imposed or levied the tax. It is true

the levy was in excess of authority in the city when it was imposed; but this validating act is not an act which imposes a tax, but is an act which validates an imposition which has already been made by the city itself.

The respondent relies upon several California cases, as follows: *Brady v. King,* 53 Cal. 44; *Taylor v. Palmer,* 31 Cal. 240; *People v. Lynch,* 51 Cal. 15, 21 Am. Rep. 677; *Schumacker v. Toberman,* 56 Cal. 508; *Fanning v. Schammel,* 68 Cal. 428, 9 Pac. 427; *Kelly v. Luning,* 76 Cal. 309, 18 Pac. 335. It is contended that the provision of our constitution, above quoted, is the same as of the constitution of California, and that in these special assessment cases where the legislature had attempted to validate particular assessments, such validation was held void. We think these cases can be distinguished from the case at bar for two reasons: First, those cases deal with validating acts which are special and which attempted to validate particular assessments, while the act in this case is a general act applying to all cities of the third class; and second, those are cases relating to special assessments for special improvements, and this court has uniformly held that the legislature of this state may authorize a reassessment for special improvements where the special assessment was void for irregularity or want of authority in making the levy. The rule is settled by the great current of authority that, "Acts validating illegal assessments and tax levies are constitutional where the legislature had power to authorize the tax, and no rights have become vested." 8 Cyc. 916.

In 1 Dillon, Municipal Corporations (5th ed.), § 129, the rule is stated as follows:

"In general, however, the legislature may, by subsequent act, validate and confirm previous acts of the corporation otherwise invalid. If the act could have been lawfully performed or done under precedent legislative authority, the legislature may subsequently ratify it and give it effect. Merely because such legislation, in matters not relating to crimes, is retrospective, does not make it void."

In *Baker v. Seattle*, 2 Wash. 576, 27 Pac. 462, this court, at page 587, said:

"We are therefore constrained to view this case as one within the principle long sustained by the courts, that where a municipal corporation had done an act beyond its statutory powers, but within the powers which it was competent for the legislature to have conferred upon it, the act may be validated by a curative statute."

See, also, *Spring Water Co. v. Monroe*, 55 Wash. 195, 104 Pac. 202.

In *Seattle v. Kelleher*, 195 U. S. 351, in construing a reassessment case appealed from this court, the United States supreme court said:

"Whatever the legislature could authorize if it were ordering an assessment for the first time it equally could authorize, notwithstanding a previous invalid attempt to assess. The previous attempt left the city free 'to take such steps as were within its power to take, either under existing statutes, or under any authority that might thereafter be conferred upon it, to make a new assessment upon the plaintiff's abutting property' in any constitutional way."

And in *Shepherd v. Kansas City*, 81 Kan. 369, 105 Pac. 531, the rule was stated as follows:

"The legislature has power to ratify and legalize any act of the legislative body of a city in the state which the legislature under the constitution could have authorized in the first instance. . . . Hence, we hold that the curative act ratified and legalized all of the acts of the city, although such acts were illegal or not authorized by law at the time they were done or enacted."

In *Frederick v. Seattle*, 13 Wash. 428, 43 Pac. 364, in passing upon a reassessment law, this court said:

"In these cases it was decided that if the legislature has antecedent power to authorize a tax, it can cure, by a retroactive law, an irregularity or want of authority in levying it, though thereby a right of action which vested in an individual should be divested."

See, also, *Grim v. Weissenberg School District,* 57 Pa. St. 433, 98 Am. Dec. 237; *Whitlock v. Hawkins,* 105 Va. 242, 53 S. E. 401; *Iowa Railroad Land Co. v. Soper,* 39 Iowa 112. In the last named case it was held that, in the absence of any constitutional inhibition, the legislature has the power to pass retroactive laws, and that taxes levied without authority of law may be rendered legal and valid by subsequent legislative enactment.

Under the constitutional provision above quoted, while the legislature is prohibited from imposing taxes upon cities, it is granted the right, by general laws, to vest in cities the power to assess and collect taxes for city purposes. There can be no doubt, therefore, that the legislature had the right to authorize cities to collect taxes for city purposes, and had the right to limit the amount of such collection. At the time the levy in this case was made, the city did not have authority to make a levy in excess of ten mills. It did have authority to make that levy. It actually made a levy in excess of that amount. Under the rule above stated, it is plain that the legislature, by a curative act, could ratify the excessive levy by the city, and that this ratification would not be the imposition of a tax by the state or by the legislature. We are of the opinion, therefore, that the validating act was a valid exercise of legislative authority, and that it validated the excessive tax imposed by the city. This view necessitates a reversal of the judgment appealed from and a dismissal of the case. But, inasmuch as the lower court was clearly right in deciding the case as it did at the time, and inasmuch as the legislature, by the act of 1915, ratified and validated the levy made by the city pending the appeal in this case, we think that neither party should recover costs, either in this court or in the lower court.

MORRIS, C. J., MAIN, HOLCOMB, and PARKER, JJ., concur.