[No. 18666.    Department Two.    March 4, 1925.]

PACIFIC COAL & LUMBER COMPANY, *Respondent*, v. PIERCE COUNTY, *Appellant*.[1]

LIMITATION OF ACTIONS (17-1)—IMPLIED LIABILITY—NOT ARISING FROM WRITTEN INSTRUMENT. An action against a county to recover excess taxes paid is one upon a "contract or liability express or implied," and limited to three years, within Rem. Comp. Stat., § 159, rather than by § 165, providing a two-year limitation upon actions for relief "not hereinbefore provided for."

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered March 15, 1924, in favor of the plaintiff, in an action to recover an excess payment of taxes, tried to the court. Affirmed.

*J. W. Selden, Frank D. Nash,* and *D. D. Schneider,* for appellant.

*H. S. Griggs* and *L. B. da Ponte,* for respondent.

FULLERTON, J.—The respondent, Pacific Coal & Lumber Company, recovered in this action against the appellant, county of Pierce, for an excess payment of taxes. The taxes were levied for the year 1920, and were paid in the year 1921. The action to recover was commenced more than two years, but less than three years, after the payment, and the sole question presented by the appeal is whether it was commenced within the time limited by law.

[1]Reported in 233 Pac. 953.

The statute, for the purpose of fixing periods of limitation for the commencement of actions, as is well understood, divides actions into different classes, based on the purpose of the action and the nature of the relief sought and prescribes a limitation on the time for the commencement of actions falling within each several class. The statute, possibly because of the thought on the part of its framers that there might be actions which could not be relegated to anyone of the enumerated classes, concluded with the general provision, namely: (Rem. Comp. Stat., § 165.) [P. C. § 8172.]

"An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued."

It is the contention of the appellant county that the cause of action now before us did not fall within any of the specifically enumerated classes, and hence is controlled by the general clause above quoted. The trial court, however, held that it fell within the three-year classification of the statute (Rem. Comp. Stat., § 159) [P. C. § 8166], particularly the third subdivision thereof, which reads:

"3. An action upon a contract or liability, expressed or implied, which is not in writing, and does not arise out of any written instrument."

This court has, in a number of instances, held that an action will lie to recover an excess payment of taxes paid under circumstances similar to those here shown. *Wyckoff v. King County,* 18 Wash. 256, 51 Pac. 379; *Tozer v. Skagit County,* 34 Wash. 147, 75 Pac. 638; *Owings v. Olympia,* 88 Wash. 289, 152 Pac. 1019; *Stimson Timber Co. v. Mason County,* 97 Wash. 205, 166 Pac. 251; *Pittock & Leadbetter Lum. Co. v. Skamania County,* 98 Wash. 145, 167 Pac. 108. So we have held, in cases involving other instances where money had been paid by mistake, or exacted without authority of

law, that an action would lie for its recovery. *Soderberg v. King County*, 15 Wash. 194, 45 Pac. 785, 55 Am. St. 878, 33 L. R. A. 670; *Fidelity National Bank v. Henley*, 24 Wash. 1, 63 Pac. 1119; *State ex rel. Grant Smith & Co. v. Seattle*, 74 Wash. 438, 133 Pac. 1005; *Smith v. Gruber Lumber Co.*, 81 Wash. 111, 142 Pac. 493; *Seattle v. Walker*, 87 Wash. 609, 152 Pac. 330.

In none of the cases first cited—the cases involving a recovery of excess payment of taxes—was the statute of limitations discussed, nor did the court in any of them state the principle of law on which the right of recovery rested. Both of these propositions, however, were raised and determined in the other class of cases cited. In *Soderberg v. King County, supra*, the sheriff on foreclosure sales had exacted illegal fees and paid the same after collection to the county treasurer. The action was to recover from the county the illegal fees so paid. The action was in form an action of assumpsit to recover as for money had and received. The county did not contend that it had any valid or legal right to the money, but contended that the action would not lie, as the county did not receive the money from the claimant, and hence there was no contract or privity between him and the county. The court, however, held that, under such circumstances, the law implies a promise of restitution for the benefit of the rightful owner, and that an action for money had and received lies against anyone who has money in his hands which he is not entitled to hold as against another, and that want of privity between the parties is no obstacle to its recovery.

In *Fidelity National Bank v. Henley, supra*, a like conclusion was announced; the court, in stating the principle upon which the right of recovery was founded, quoted the following from *Allen v. Stenger*, 74 Ill. 119:

"Assumpsit always lies to recover money due on simple contract. And this kind of equitable action to recover back money which ought not in justice to be kept is very beneficial, and, therefore, much encouraged. It lies only for money which, *ex equo et bono,* the defendant ought to refund. When, therefore, according to this rule, one person obtains the money of another, which it is inequitable or unjust for him to retain, the person entitled to it may maintain an action for money had and received for its recovery. And it is not necessary that there should be an express promise, as the law implies a promise. The scope of the action has been enlarged until it embraces a great variety of cases, the usual test being, does the money, in justice, belong to the plaintiff, and has the defendant received the money, and should he in justice and right return it to plaintiff? These facts create a privity, and the law implies the promise to pay."

In *Smith v. Gruber Lumber Co., supra,* it was said:

"It is elementary that 'whenever one person has in his hands money equitably belonging to another, that other may recover it by assumpsit for money had or received.' "

The case of *Seattle v. Walker, supra,* involved both the principle upon which such rights of action are founded and the statute of limitations. The action was one brought by the city of Seattle to recover from Walker an overpayment of interest which the city had made to him on certain local improvement district bonds. Concerning the questions of the right of recovery and the statute of limitations, the court used this language:

"The city has made an unlawful overpayment. The respondent has received an unmerited enrichment the retention of which is unjust, and in equity and good conscience he should repay the city. The law in such cases implies a liability to refund the illegal payment,

and, if not refunded, an action will lie to recover the amount unjustly retained.    Keener, Quasi-Contracts, p. 40.    The action, therefore, arises out of an implied liability, and the two-year statute may be eliminated. While this payment was incidental to a lawful payment made pursuant to the terms of a written instrument, the payment itself was illegal and was not contemplated by the terms of that instrument.    The payment being in violation of the terms of the written contract, it cannot be said to have been made on a written contract or agreement, and not being so made, the implied liability to repay does not arise out of a written instrument, and it follows that the six-year statute cannot apply.    This leaves as the controlling statute the three-year limitation, the action being clearly one arising upon an implied liability, not arising out of a written instrument.''

There can be no difference in principle between taxes exacted by mistake or without authority of law, and monies exacted under like circumstances for other causes, and, if the right to recover for the latter is governed by the three-year statute of limitations, the right to recover for the former must also be governed by the same statute; the cause of action in each instance equally arises out of an implied liability which is not in writing and which does not arise out of any written instrument, and thus each equally falls within the terms of the statute.

We have not overlooked the very engaging argument made by counsel for the county against the principle upon which our former adjudications rest.    But we do not feel that we need follow the argument.    Manifestly, it seems to us, we cannot adopt the conclusion to which the argument leads without either making an unwarranted distinction between actions to recover taxes exacted without authority of law and monies exacted under the same circumstances for other causes, or

overruling our former decisions. Neither of these alternatives is tolerable. Citizens of the state have rested their rights on the faith of these decisions and the rule announced cannot .be changed without a destruction of these rights.

The judgment is affirmed.

MACKINTOSH, HOLCOMB, and MAIN, JJ., concur.

BRIDGES, J. (concurring)—I think this is an action on an implied liability not arising out of a written instrument and is controlled by the three-year statute of limitations. In my opinion, the cases from this court cited in the foregoing opinion are right and are controlling here.