## PORT ANGELES WESTERN R. CO. v. CLALLAM COUNTY, WASH., et al.

### No. 6115.

Circuit Court of Appeals, Ninth Circuit.

Oct. 6, 1930.

Rehearing Denied Feb. 9, 1931.

See, also, 20 F.(2d) 202.

A. C. Shaw, of Portland, Or., and Lewis & Church, of Port Angeles, Wash., for appellant.

John M. Wilson and Frank L. Plummer, both of Port Angeles, Wash., and John A. Homer, Asst. Atty. Gen., for appellees.

Before DIETRICH and WILBUR, Circuit Judges, and WEBSTER, District Judge.

The following opinion, prepared by DIETRICH, Circuit Judge, is adopted as the opinion of the court by WILBUR, Circuit Judge, and WEBSTER, District Judge:

### PER CURIAM.

The appeal is from a judgment of dismissal following an order sustaining a motion by which defendants challenged the sufficiency of the bill of complaint. By the suit appellant seeks a decree adjudicating as void, and restraining the enforcement of, assessments of taxes made by the defendant county and its

officers in the years 1927 and 1928, pursuant to the provisions of chapter 130 of the Washington Session Laws for 1925, p. 244, and particularly section 33 thereof, which is as follows: "A contract for the purchase of real property belonging to the United States, the state, or any county or municipality, shall for purposes of taxation be considered as personal property of the person holding the same, and no deed of the property described in such contract shall ever be executed and delivered by the state or any county or municipality until all taxes assessed against such contract and local assessments assessed against the land described therein are fully paid."

The assessments relate to rights arising out of an executory contract entered into on June 17, 1922, between the United States Spruce Production Corporation, as owner, and Fentress Hill and others, as vendees, for the sale of certain timber lands, but principally a railroad and other logging facilities, all within the defendant county. With the consent of the vendor the appellant thereafter became the assignee of the contract and succeeded to all the rights of the vendees as named therein. Admittedly, the spruce corporation was a mere agency of, and in contemplation of law all its property belonged and belongs to, the United States, subject to such rights as plaintiff acquired under the contract. The scope and material provisions of the contract are fairly set forth in the opinion of the court below, to which resort may be had for details. 36 F.(2d) 956. See, also, United States v. Clallam County (D. C.) 283 F. 645; Clallam County v. United States, 263 U. S. 341, 44 S. Ct. 121, 68 L. Ed. 328; Port Angeles Western R. Co. v. Clallam County (D. C.) 20 F.(2d) 202; and, as involving a similar contract, Lincoln County v. Pacific Spruce Corporation (C. C. A.) 26 F.(2d) 435, 436.

In view of these decisions, it is not to be assumed, in the absence of specific and unequivocal averments, that the defendant attempted to assess or claimed the right to tax the physical properties covered by the contract. True, there are in the bill some general allegations of such an assessment and of the assertion of such a right, but they are to be construed in the light of the more definite showing of what in fact was done. The general averments or conclusions so pleaded are probably to be attributed to a consciousness on the part of the pleader that successfully to invoke the aid of a court of equity plaintiff must show that the tax proceedings cast a cloud upon its title to real estate or disclose some other special consideration as a basis for extraordinary relief. The state statute above quoted contemplates only the assessment of the contract, which it declares to be personal property, and, as is clearly shown by the bill, defendants have not attempted to go beyond the statute. The assessment entered upon the county records is of "all the right, title and interest of the Port Angeles Western Railroad Co. in and to a certain contract of sale," language which is followed by a particular identification of the contract, but no description of any real estate or other personal property. Indeed, in one branch of its pleading and of its brief, plaintiff, recognizing the fact that the assessment is of the contract and nothing else, which we think is the only view that reasonably can be taken, forcibly argues that what defendants have attempted to assess has a situs for taxation purposes only in Delaware, the state of the owner's organization, under the general rule that intangible personal property follows the owner and can be taxed only where he resides. While there are some vague general averments that "proceedings have been taken by the defendants looking to the collection" of taxes, no specific act is alleged. In its recent decision in Henrietta Mills v. Rutherford County, 281 U. S. 121, 50 S. Ct. 270, 271, 74 L. Ed. 737, the Supreme Court, speaking through Mr. Chief Justice Hughes, reaffirms the rule, often stated, in the following language: "Section 16 of the Judiciary Act of 1789 * * * provided 'That suits in equity shall not be sustained in either of the courts of the United States, in any case where plain, adequate and complete remedy may be had at law.' This explicit prohibition, continued in section 723 of the Revised Statutes and section 267 of the Judicial Code (U. S. C. tit. 28, § 384 [28 USCA § 384]), has clear application to proceedings to enjoin the collection of taxes upon the ground that they are illegal or unconstitutional. It must appear that the enforcement of the tax would cause irreparable injury, or that there are other special circumstances bringing the case under some recognized head of equity jurisdiction, before the aid of a federal court of equity can be invoked. The mere fact that the validity of the tax may be tested more conveniently by a bill of equity than by an action at law does not justify resort to the former."

In Arkansas Bldg., etc., Association v. Madden, 175 U. S. 269, 20 S. Ct. 119, 121, 44 L. Ed. 159, the court said: "It is quite possible that in cases of this sort the validity

of a law may be more conveniently tested, by the party denying it, by a bill in equity than by an action at law, but considerations of that character, while they may explain, do not justify, resort to that mode of proceeding."

In Boise Artesian Water Company v. Boise City, 213 U. S. 276, 282, 283, 29 S. Ct. 426, 428, 53 L. Ed. 796, it is said:

"In order to give equity jurisdiction, there must be shown, in addition to the illegality or unconstitutionality of the tax or imposition, other circumstances bringing the case under some recognized head of equity jurisdiction, before the remedy by injunction can be awarded. The leading case on the subject is Dows v. Chicago, 11 Wall. 108, 20 L. Ed. 65. In that case the plaintiff sought to enjoin the collection of a tax levied upon shares of the capital stock of a national bank on the ground that the levy was unconstitutional under the state law, and that the property was not within the jurisdiction of the state. This court declined to pass upon the validity of the tax, saying, through Mr. Justice Field (p. 109):

" 'The illegality of the tax and the threatened sale of the shares for its payment constitute of themselves alone no ground for such interposition. There must be some special circumstances attending a threatened injury of this kind, distinguishing it from a common trespass, and bringing the case under some recognized head of equity jurisdiction before the preventive remedy of injunction can be invoked. It is upon taxation that the several states chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the taxes levied should be interfered with as little as possible. * * *

" 'No court of equity will, therefore, allow its injunction to issue to restrain their action, except where it may be necessary to protect the rights of the citizen whose property is taxed, and he has no adequate remedy by the ordinary processes of the law. It must appear that the enforcement of the tax would lead to a multiplicity of suits, or produce irreparable injury, or, where the property is a real estate, throw a cloud upon the title of the complainant, before the aid of a court of equity can be invoked.'

"This case has been frequently followed and its governing principle never doubted."

Comments in other portions of the opinion upon the bill in that case are equally pertinent to the bill here under consideration.

And see, also, Singer Sewing Machine Company v. Benedict, 229 U. S. 481, 33 S. Ct. 942, 57 L. Ed. 1288.

There is no valid ground for asserting that the assessment casts a cloud on the title to real estate or that attempts to enforce it will result either in a multiplicity of suits or irreparable injury. True, there are in the bill certain general averments upon these subjects, but in the main they appear to be of fanciful possibilities in case the defendants pursue certain suggested courses. It will be time enough to consider whether injunctive relief is needful when defendants actually initiate proceedings to create a lien or enter upon a course which leads to or threatens irreparable injury or a multiplicity of suits. Boise Artesian Water Company v. Boise City, supra. As already noted, the assessment does not purport to be a lien on or cast a cloud upon the title to real estate. The Washington statutes provide a mode of procedure by which a tax upon personal property may be made a lien upon real property belonging to the taxpayer, but the bill does not show that such proceedings have been taken. Moreover, there is no averment that appellant owns any real estate within the defendant county. The United States is admittedly the owner of the property to which the contract relates, and plaintiff has not even a taxable or lienable interest therein. Lincoln County v. Pacific Spruce Corporation (C. C. A.) 26 F.(2d) 435.

How a multiplicity of suits could arise, the bill scarcely intimates, nor does it set forth any grounds to support its general conclusions of irreparable injury. It is well settled in the state of Washington that the taxpayer may, under protest, pay a tax which he contends is invalid, and bring an action in the courts to recover the amount so paid. In Byram v. Thurston County, 141 Wash. 28, 251 P. 103, 106, 252 P. 943, the Supreme Court of that state, as late as 1926, has said: "Appellant admits that we have repeatedly recognized the right of a taxpayer whose property has been excessively or illegally taxed by county officers to recover judgment against the offending county for the amount of the excessive or illegal tax when paid under protest. Tozer v. Skagit County, 34 Wash. 147, 75 P. 638; Owings v. Olympia, 88 Wash. 289, 152 P. 1019; Stimson Timber Co. v. Mason County, 97 Wash. 205, 166 P. 251; Pacific Coal & Lumber Co. v. Pierce County, 133 Wash. 278, 233 P. 953."

Equally with the state courts the federal courts are open to appellant for such relief.

We are therefore of the opinion that appellant has a plain, speedy, and adequate remedy at law.

While sustaining a challenge to the bill upon this ground, the court below went further and held the tax valid. This latter question we do not decide, and accordingly the decree of dismissal will be affirmed for the reason alone that the bill does not exhibit sufficient ground for equitable relief, without prejudice to any question on the merits.

Affirmed.

#### On Petition for Rehearing.

PER CURIAM.

The court below dismissed the complaint on the merits, upholding the validity of the tax complained of, whereas the complaint should have been dismissed for want of equity and without prejudice to the right of the appellant to maintain an action at law for the recovery of the tax when, and if, paid. The decree will be modified accordingly, and affirmed as modified.

With this modification of the decree, the petition for rehearing is denied.