[No. 23413.   Department Two.   March 21, 1932.]

C. H. Peterson, *Appellant,* v. Jefferson County,
*Respondent.*[1]

*Howard O. Durk* and *Charles D. Donnelly,* for appellant.

*W. J. Daly, Jr.,* for respondent.

Beals, J.—In his complaint, plaintiff set forth two causes of action. The trial court awarded him the relief which he sought in his second cause of action (which concerned unpaid taxes against the land hereinafter mentioned), and with that we are not concerned.

In his first cause of action, plaintiff alleged his ownership of a tract of land in Jefferson county, and that the same was valuable only on account of the timber growing thereon; that the county had caused the timber to be cruised, and had assessed the property for the years 1922 to 1929, both years inclusive, on the basis of its cruise; that, during the last mentioned year, the county again caused a cruise of plaintiff's land to be made, as the result of which it was discovered that the land had been assessed too high, and that the assessed valuation of the land was thereupon very considerably reduced.

[1]Reported in 9 P. (2d) 73.

Plaintiff further alleged that the amount of his timber had, at all times mentioned in his complaint, remained the same; and that plaintiff did not discover that his land had been overassessed until during the month of May, 1930; whereupon plaintiff filed with the county commissioners his claim for a refund on account of the taxes against his land which plaintiff had paid for the years 1922 to 1925, both inclusive, and for the year 1928, the taxes for the years 1926, 1927 and 1929 being unpaid.

The trial court made findings of fact and conclusions of law, and pursuant thereto denied plaintiff any relief, in so far as his first cause of action was concerned. From a judgment dismissing plaintiff's first cause of action, he appeals.

By the record before us, it stands admitted that the officers of respondent Jefferson county assessed appellant's property for the years above mentioned on the assumption that the same contained something over two million one hundred thousand feet of timber, which assumption was based upon a cruise of the land had many years ago at the instance of the county; that, during the year 1929, the county made a new cruise of the property, which disclosed that the property contained less than eight hundred thousand feet of timber of any value, whereupon the county very substantially reduced the assessed valuation thereof. It is also established that appellant's land is inaccessible, and that he accepted as true the county's first cruise of his property, that no timber was ever removed therefrom, and that the prior cruise thereof was erroneous in determining the amount of timber on appellant's land.

Appellant contends that, under the facts found by the trial court, he is entitled to judgment against the county for such portion of the taxes which he paid as it appears is in excess of the tax which he should

have been required to pay, based upon a correct cruise of his land. Appellant does not contend that he paid these taxes under protest, but relies upon the finding of the trial court to the effect that the county assessor had made a mistake in establishing the assessed value of the property because of his reliance upon the erroneous cruise, and had assessed property which in fact did not exist. In support of his contention that the trial court erred in denying him relief, appellant cites certain decisions of this court, which we shall now discuss.

In the cases of *Simpson Logging Co. v. Chehalis County*, 80 Wash. 245, 141 Pac. 344, and *Stimson Timber Co. v. Mason County*, 112 Wash. 603, 192 Pac. 994, the respective plaintiffs sought relief against what they conceived to be excessive taxes before paying the same. It is evident that, in the cases cited, a very different question was presented than that with which we are here concerned, as here appellant seeks to recover money which he has already paid, and which he paid without protest.

In the case of *Pacific Coal & Lumber Co. v. Pierce County*, 133 Wash. 278, 233 Pac. 953, the plaintiff recovered judgment for an excess payment of taxes. The only question urged on the appeal and considered by this court was that of the statute of limitations, and the opinion is not an authority upon the question here presented, the language relied upon by appellant having been used solely in connection with the question then under discussion.

Appellant strenuously contends that the case of *Puget Realty Co. v. King County*, 50 Wash. 349, 97 Pac. 226, is decisive in his favor. In that case, it appeared that the plaintiff owned a large quantity of land in King county subject to taxation; that, among other tracts, it owned one containing approximately

twelve acres, which for some reason was not assessed for the year 1906, the omission being discovered by the county authorities when making up the assessment roll. The county assessor thereupon assessed the tract, which he estimated to contain a fraction over twenty-two acres, or exactly ten acres more than its actual area, the taxes being extended on the basis of the mistaken estimate. Upon the taxes for 1906 becoming payable in the following year, plaintiff sent to the county treasurer a description of its properties, together with a signed check, payable to the county treasurer, with the amount left blank, directing the treasurer to ascertain the amount of taxes due upon the several tracts which it described, fill in the check for that amount, and cash the same in payment. The treasurer followed these instructions, and it was only upon receiving its tax receipts that the plaintiff learned that it had been overassessed as to the twelve-acre tract.

This court held that, under the peculiar circumstances shown by the record, the plaintiff was entitled to recover the amount wrongfully exacted by the county. It clearly appears that the tax was exacted without any opportunity having been afforded to the plaintiff to ascertain that the county assessor had erred in determining the area of its land. This fact was first called to plaintiff's attention when it received the tax receipts.

In the case at bar, the cruise of which appellant complains, and the valuation of his land pursuant thereto, were made many years before the payment of the taxes, substantial portions of which appellant seeks to recover; and the assessed valuation of the tract, as made by the county treasurer, long stood unchallenged upon the county records.

In our opinion, the facts of this case more nearly resemble those presented in the case of *Pittock & Leadbetter Lumber Co. v. Skamania County*, 98 Wash. 145, 167 Pac. 108, in which it was held that taxes paid on the basis of an overvaluation and erroneous extensions of tax rolls could not be recovered in the absence of protest at the time of payment. In the course of its opinion, this court said:

"It was the duty of the appellant to know the valuation of his land at the time he paid his taxes, and to call the attention of the collecting officers thereto and protest the payment. Since the appellant did not do this, and since he paid his taxes voluntarily in the ordinary way, he cannot, under the uniform current of authority, maintain an action to recover taxes, although excessive, which are voluntarily paid."

We do not choose to extend the rule laid down in the case of *Puget Realty Co. v. King County, supra,* and we hold that, under the doctrine of the case of *Pittock & Leadbetter Lumber Co. v. Skamania County, supra,* the judgment appealed from should be affirmed. It is so ordered.

TOLMAN, C. J., HOLCOMB, MAIN, and MILLARD, JJ., concur.